VAUGHN, PLAINTIFF, *v.* PARMA (CITY) ET, DEFENDANTS.

Common Pleas Court, Cuyahoga County.

No. 759633.   Decided June 11, 1962.

8

*Mr. A. A. Perelman* and *Mr. Owen J. McCafferty*, for plaintiff.

*Mr. John H. Urbancik*, director of law, and *Mr. Andrew Boyko*, assistant solicitor, for defendants.

*Mr. William L. Blake*, for amicus curiae.

THOMAS, J. Plaintiff on October 21, 1961, was stopped by defendant Parma's police on Ridge Road and given a summons stating that he unlawfully operated a tractor trailer on Snow Road between Broadview and Ridge Roads in violation of Parma's C. O. 341.15, the violation being further described as "No Thru Trucks."

Charged in Parma Municipal Court, the plaintiff brings this action to permanently restrain and forever prohibit the defendants Parma, its Mayor and its Chief of Police or their lawful agents from obstructing or restraining the plaintiff Ralph Vaughan while driving a truck on Snow Road.

Making daily deliveries for Dixie Ohio Express Inc., in southwestern Cuyahoga County, plaintiff operated a tractor and semi-trailer, weighing 17,080 pounds empty and having a maximum gross legal weight including load of 44,000 pounds under the motor vehicle laws of the State of Ohio.

Each day the plaintiff commences his route at the company terminal and office on East 49th Street where the trailer is loaded for the day's deliveries.

Since the opening about a year ago of an Uncle Bill's store in the Midtown Shopping Center on Snow Road just west of Broadview Road, the plaintiff has made this his first stop at least four days a week.

On October 21, 1961, as previously, he drove west from Independence Road (U. S. 21) on Rockside Road and Snow Road to Uncle Bill's. These roads are part of a county highway, the name changing at the Seven Hills-Parma line. Leaving the Midtown Shopping Center, he drove west on Snow Road to Ridge Road and there turned north to go to his next stop at the Dreamland Furniture Store a few blocks north on Ridge Road. While so driving, he was arrested. Usually he turns left at Snow and Ridge Roads in order to proceed to The May Company store in Parmatown Shopping Center, at Ridge and Ridgewood Drive, a little more than a mile south of Snow.

In his petition for a permanent injunction, the plaintiff asserts that he is being denied the lawful use of Snow Road, a county highway, by virtue of Parma's C. O. 341.15 and C. O. 305.01, and further asserts that the ordinance is arbitrary, discriminatory and capricious and in violation of the Federal and state constitutions.

In its answer, the defendant City of Parma alleges that the ordinance under which the plaintiff is arrested is pursuant to the power of municipalities to regulate traffic within the territorial limits of the City whether such streets were constructed by or called State, County or City owned.

Further noting that the charge against the plaintiff is presently pending in Parma Municipal Court, it is contended that the plaintiff has a full and adequate legal defense in the criminal action.

Adopted December of 1958, C. O. 341.15, entitled PROHIBITION OF TRUCKS ON CERTAIN STREETS, reads:

"(a) Except as provided in this section, no person shall drive, or cause to be driven, any truck, or commercial tractor and semi-trailer upon any of the streets described in the traffic control file and listed on the Traffic Court Map of the City of Parma.

"(b) Such vehicles may be driven upon any such street or part of a street, for the shortest possible distance to load or unload merchandise, freight or material at a place contiguous to such street or part thereof, provided there is no other means of ingress to and egress from such place.

"(c) Such vehicles may be driven across any such street or part of a street at an intersection.

"(d) The provisions of section (a) of this section does not apply to vehicles of a gross weight less than two (2) tons, and any vehicle owned or operated by the City of Parma, or to vehicles owned or operated by the County of Cuyahoga, the State of Ohio, or the Federal Government of the United States."

C. O. 305.01 was amended December of 1957 to make Snow Road a through street limited to Boulevard Traffic only as defined by ordinance.

Under Parma's ordinances, none of which directly defines the term, Boulevard Traffic by stipulation is deemed to be restricted to:

(a) Passenger vehicles regardless of the weight.

(b) Trucks, commercial tractors and semi-trailers the gross weight of which is less than two tons.

(c) Vehicles owned by Parma, Cuyahoga County, State of Ohio and the United States regardless of weight.

As a first step in reaching a decision in this case, it is essential to ascertain the nature and extent of municipal power to fix maximum weights of vehicles.

In *Union Sand & Supply Corp.* v. *Village of Fairport et al*, 172 Ohio St., 387, the Supreme Court last year held that by virtue of Section 3 of Article XVIII of the Ohio Constitution (the Home-rule Amendment), fortified by Sections 715.22 and 723.01, Revised Code:

"a municipal corporation may by ordinance reasonably control the weights of vehicles using the highways and streets, notwithstanding that such ordinance fixes lesser weights than those permitted by statute."

In the *Union Sand case*, the plaintiff corporation operated concrete hauling trucks over Fairport's streets to and from its concrete mixing plant on the Grand River in Fairport. Pursuant to ordinance, the Mayor reduced the permissible weights of vehicles using village streets by 20 per cent. Plaintiff's suit for injunction against the enforcement of the Mayor's order was denied by the lower courts.

The agreed statement of facts in the Supreme Court reveals that:

"the trial court found that the streets were in a 'deplor-

able condition' upon evidence submitted by way of testimony, photographs and colored slides."
and further that

"both the Common Pleas Court and the Court of Appeals viewed the subject streets."

The Supreme Court affirmed the denial of an injunction against the Mayor.

The substance of the ruling is that in the circumstances, the Mayor of Fairport did not act unreasonably

"in ordering a temporary reduction of 20 per cent in maximum weight loads of appellant's trucks to prevent serious damage to the village streets."

In the *Union Sand decision,* the municipal power to fix vehicle weights less than state legal maximum weights is coupled with the duty to maintain and preserve municipal streets from damage and deterioration.

The *Union Sand opinion* refers to *Froehlich* v. *City of Cleveland*, 99 Ohio St., 376.

At issue was a conviction for violating a Cleveland ordinance fixing maximum vehicle load weights less than state legal limits.

In the *Froehlich case,* the Supreme Court determined for the first time following the adoption in 1912 of the Home-Rule Amendment (Article XVIII of the Constitution) that a municipal corporation has the power to fix vehicle weights lower than those permitted by state law.

The conviction for violating the Cleveland ordinance was upheld.

In understanding the nature and extent of the municipal power to fix vehicle weights, this quoted reasoning of the Supreme Court in the *Froehlich opinion* becomes significant:

"And there is no language in the home-rule amendment which indicates that it was ever intended that the right of the city under that amendment to exercise the governmental control of the streets should end when it had located and surveyed the street, prescribed its width and grade, excavated it and put in the broken stone and concrete, laid the brick, stone or asphalt upon it, paid for all of these things out of the municipal treasury and assumed full responsibility for keeping the street open, in repair and free from nuisance; and that there-

after this domestic, municipal and local concern should be subject to the uninformed supervision of a foreign authority. It is a necessary incident to the governmental power of the city to do the things above stated in the construction and control of its streets, to make such reasonable provisions for their proper and economic use as its close knowledge of the necessities of the situation and the structure of the streets themselves demonstrates to be proper.''

Applying this reasoning, the opinion later says:

''the prescribing of the maximum weight of loads which may be moved upon a street constructed and improved by a city in accordance with its particular conditions and requirements is not a regulation of the character referred to in Section 3 of Article XVIII.''

Here, the Court is saying that setting maximum weights for loads of vehicles which may move upon a city's streets is a matter which by its nature should not be regulated by the general laws of the state.

It is a city's construction and improvement of its streets in accordance with its particular conditions and requirements which makes the fixing of maximum weights of vehicles a matter for local municipal regulation, the Supreme Court states in effect.

The Supreme Court's explanation of the nature and justification of municipal control of maximum weight loads of vehicles is the context for understanding the court's limitations on municipal power to fix weight limitations on vehicles using its streets. The opinion later rules:

''. . . neither the state in the passage of general laws, nor the municipality in the passage of local laws, may make any regulations which are unreasonable. The means adopted must be suitable to the ends in view, they must be impartial in operation and not unduly oppressive upon individuals, must have a real and substantial relation to their purpose, and must not interfere with private rights beyond the necessities of the situation.''

It becomes pertinent, therefore, to consider the construction and improvement of Snow Road to determine whether the challenged ordinances are reasonable, suitable to the ends in

view, and whether they bear a substantial relation to their purpose.

Snow Road crosses Parma in an easterly and westerly direction.

The uncontradicted testimony of Albert S. Porter, County Engineer, and William J. Henry, Regional Planning Commission Director who served as chief engineer in the County's construction of Snow Road, and the exhibits, establish these undisputed facts.

With the consent of Parma, during 1956 and 1957 Snow Road was partially built new and partially rebuilt by the county as a county highway.

In its completed present form through the City of Parma, its right-of-way is 80 feet, the pavement is 52 feet from curb face to curb face and it is wide enough to accommodate at least 4 moving lanes of traffic.

From West 130 Street, the westerly Parma boundary, east to Pearl Road, the old 9 inch reinforced 24 foot concrete road was retained as a base. Adjoining and on each side of the old road, a 14 foot reinforced concrete strip, 9 inches in depth was constructed.

The resulting 52 foot concrete pavement was then surfaced with 2½ inches of T-50 Hot Mix, a type of asphalt designed and used for heaviest truck travel.

The middle section of Snow Road from Pearl Road east to State Road was reconstructed as a completely new 9 inch reinforced concrete roadway, the existing pavement being removed.

Prior to 1956, Snow Road ended at State Road. In 1956 and 1957, it was dedicated as a county highway and also extended east, constructed of 9 inches of reinforced concrete. At Parma's boundary with the Village of Seven Hills, the name changes to Rockside Road but a county highway of the same specifications, dimensions and composition continues across Seven Hills into the City of Independence as far as the intersection of Independence Road (Route 21).

From West 130 Street west to Smith Road, Snow Road has been rebuilt as a 9 inch reinforced concrete county highway of the same specifications, dimensions and composition as in Parma.

The total cost of the construction and reconstruction of Snow Road in Parma is $2,070,000, all of which funds were derived from county bond issues of 1951 and 1955, except $100,000 contributed by the City of Parma. In addition, Parma is obligated to pay $24,000 towards the relocation of water mains.

Snow Road is part of a county highway complex that eventually will extend Snow Road to Five Points Road in Brookpark Village and continue west to the Cleveland Airport.

Contingencies are necessary financing and completion of the Medina Freeway, north-south through Brookpark. East of Route 21, the county has let a $4,000,000 contract which will extend Rockside Road across the Cuyahoga Valley and intervening railroad tracks to reach Turney Road and existing Rockside Road in Garfield Heights.

Between the east end of existing Rockside Road in Maple Heights and existing Cannon Road in Bedford Heights, a final link in the county highway complex is planned by the County Engineer's office. Its completion depends on financing and the building of the north-south outer belt highway east.

Without waiting for the future, Snow and Rockside Roads from Smith Road in Brookpark Village east through Parma and Seven Hills to Route 21 in the City of Independence now constitute a county highway. Its 52 foot wide 9 inch thick concrete reinforced pavement is designed and constructed to handle through traffic and all vehicles of maximum weight, width and length permitted by state law.

Upon all the evidence, it is found and concluded that neither Parma's C. O. 341.15 nor C. O. 305.01 has the end in view or serves the purpose of maintaining or preserving from damage the pavement of Snow Road.

It is further found and concluded that these ordinances actually obstruct and prevent Snow Road from being used as designed and constructed, for through traffic of maximum state legal weights.

Thus, these ordinances do not serve to preserve the pavement of Snow Road, a condition recognized in the *Froehlich* and *Union Sand cases* as the justification for empowering a municipal corporation to fix weights less than state legal limits.

It may be suggested that Parma's C. O. 341.15 and C. O. 305.01, by limiting Snow Road to Boulevard Traffic, promote traffic safety or substantially reduce traffic congestion, conceivably proper purposes for the exercise of the municipal police powers.

It has been seen that C. O. 305.01 limits Snow Road to Boulevard Traffic.

By stipulation, Boulevard Traffic, under Parma's ordinances, is deemed to generally exclude from Snow Road the same truck, tractor and trailer traffic in excess of 2 tons which Parma's C. O. 341.15 excludes from Snow Road.

However, no evidence was received and none was offered which would support any claim that traffic safety is enhanced or traffic congestion is reduced by the exclusion from Snow Road of all trucks, tractors or trailers in excess of 2 tons.

The evidence did establish that since his arrest, the plaintiff in order to reach The May Company in Parmatown at Ridge and Ridgewood Drive from Uncle Bill's near Snow and Broadview Roads has been forced to drive south on Broadview Road to Pleasant Valley and west on Pleasant Valley Road to Ridge Road. This adds approximately 3 miles of driving.

He also must use Brookpark Road west to Broadview.

The evidence further establishes that Pleasant Valley is only 18 feet in width west of Broadview, is hilly and is a difficult road on which to drive a tractor and a semi-trailer 7 feet 10 inches wide and 30 feet long. Broadview is also hilly south of Snow Road.

Since Pleasant Valley, like Snow Road, is residential, the evidence permits the inference that overall traffic safety in Parma may well be worsened rather than improved by the enactment and enforcement of ordinances limiting Snow Road to Boulevard Traffic.

Testimony presented by Robert J. Kelly, Commissioner of Traffic Engineering and Parking of Cleveland, creditable and undisputed, establishes that the exclusion of through truck traffic from Snow Road in Parma impedes the use of Rockside Road and Snow Road as a county highway capable and usable as a through artery and would have a marked effect and would cause detours on arterial highways such as Brookpark Road, Puritas Road and even Lorain Road.

The Municipal power to control and maintain streets and public highways within its borders is not an unlimited and absolute power.

The *Froehlich case* is deemed to hold that municipal ordinances which seek to control the streets, and certainly no less those streets built and financed by agencies of government other than the municipality, must have reasonable ends in view and must be substantially related to the health, welfare or safety of the residents and frequenters of a municipality.

Neither ordinance here in question, as it relates to Snow Road, satisfies these standards.

On the basis of the foregoing evidence and findings, these ordinances, as they relate to Snow Road, are found and determined to be unconstitutional and invalid.

It has been previously noted that the Supreme Court in the *Froehlich opinion* states that any municipal local law adopted to accomplish the end in view must be impartial in its operation. This is another way of saying that any classification or treatment established by the ordinance must be equal in its application and non-discriminatory.

Parma's C. O. 341.15, under which the plaintiff is arrested, puts no weight limitation or exclusion on Snow Road traffic as to passenger vehicles or vehicles of Parma, Cuyahoga County, State of Ohio or the United States.

The evidence reveals that 80 per cent of all station wagons weigh more than 2 tons as do 20 per cent of all passenger automobiles. Manifestly, many of the favored government vehicles weigh more than 2 tons.

Moreover, the ordinance permits trucks, tractors and trailers in excess of 2 tons to use Snow Road "for the shortest possible distance to load or unload merchandise."

Assuming that this quoted language is definite enough to permit enforcement, the result favors local haulers by permitting them to use Snow Road while discriminating against through haulers by excluding them from Snow Road.

And even as to local haulers, the ordinance is capricious in its operation, as the plaintiff's experience illustrates.

He testified that occasionally he made deliveries to private homes, to the high school and even to the police station off Snow Road between Broadview Road and Ridge Road.

Had he made such deliveries on the day he was arrested, and assuming that he was using Snow Road only for the shortest possible distance, presumably he would not have run afoul of the law.

But when he took Snow Road as the most direct route from Uncle Bill's near Broadview and Snow Roads to the Dreamland Furniture Store near Ridge Road, without stopping en route, he is arrested and faces prosecution in the Parma Municipal Court.

Upon all the evidence it is found and determined that Parma's C. O. 341.15 is partial in its operation, discriminatory and capricious in its application as it relates to Snow Road and likewise violative of the equal protection clause of the 14th Amendment to the Constitution of the United States and Section 2 of Article I of the Ohio Constitution.

For these additional reasons Parma's C. O. 344.15, as it relates to Snow Road, is invalid just as was the ordinance in *Richter Concrete Corporation* v. *City of Reading,* 166 Ohio St., 279, and the Bratenahl ordinance in *Janoviak* v. *Cregan et al,* 82 Ohio Law Abs., 193.

Further applying the *Froehlich criteria,* the evidence shows that Parma's C. O. 341.15 and C. O. 305.01, as they pertain to Snow Road, unduly oppress and interfere beyond the necessities of the situation with the private rights of the plaintiff and other truckers who have occasion to use Snow Road.

Consideration will now be given to the defense that the plaintiff has a full and adequate legal defense in the criminal prosecution pending in Parma Municipal Court.

It has been revealed that the criminal case involves a charge solely under Parma's C. O. 341.15. It has been seen that Parma's C. O. 305.01, permitting only Boulevard Traffic on Snow Road, was simultaneously violated by the plaintiff. Likewise, C. O. 305.01 would apply to any future operation by the plaintiff of his tractor and semi-trailer on Snow Road.

A multiplicity of criminal charges growing out of his truck travel on Snow Road clearly now faces the plaintiff and may, with reasonable certainty, face him in the future.

To assert the invalidity of Parma's C. O. 341.15 in the criminal case pending in Parma Municipal Court does not arm him with an adequate or complete defense in his situation.

The invalidity and unconstitutionality of Parma's C. O. 341.15 and C. O. 305.01, as they pertain to Snow Road, having been clearly established and proved, and the irreparability of injury resulting therefrom to the plaintiff, having been equally demonstrated, a permanent injunction will be issued by this Court, forever prohibiting the defendants and their lawful officers, employees and agents from restraining or obstructing plaintiff in driving or operating a truck, tractor or trailer on Snow Road in the City of Parma.