Western Trucking Co. et al., Appellants, *v.* City of Lincoln Heights et al., Appellees.

(No. 10759—Decided February 3, 1969.)

*Messrs. Steer, Strauss, White & Tobias* and *Mr. Charles H. Tobias, Jr.,* for appellants.
*Messrs. Weiland & Neman* for appellees.

Shannon, J. This is an appeal on questions of law and fact from an order of the Court of Common Pleas.

On October 18, 1954, the city of Lincoln Heights passed an ordinance forbidding the operation of vehicles exceeding twenty thousand pounds in weight on any street within the city limits. It appears that this ordinance was not enforced, however, until shortly before the filing of the petition in the case at bar.

All plaintiffs, appellants herein, except Cincinnati Motor Transportation Association, are commercial enter-

prises having their places of business in Lockland, Ohio, a community adjacent to the city of Lincoln Heights.

The controversy here centers about the use of Shepherd Lane, a street built in 1941 as part of the road system of Hamilton County, adequate to carry loads up to legal limit, dedicated, and lying wholly within the corporate limits of the city of Lincoln Heights. In 1962, Shepherd Lane was included in the planning by the Ohio Department of Highways for Interstate Route 75.

Thereafter, plaintiffs' interstate truck terminals and the Frank Hamilton Warehouse were built in anticipation of the use of Shepherd Lane as access to I-75, and such use was enjoyed after the opening of the highway.

By 1967, the increased truck traffic over Shepherd Lane caused the residents whose property abutted the street to complain, and city officials commenced enforcement of the 1954 ordinance. Plaintiffs then filed their petition praying that the enforcement of the ordinance be enjoined as it affects Shepherd Lane. A temporary restraining order enjoining the enforcement pending final hearing was issued. Before such hearing, the 1954 ordinance was repealed and a new ordinance passed and amended, which, as far as is pertinent here, excepts from its force and effect Interstate 75 and a few streets immediately adjacent thereto, prohibits an east-west truck route through Lincoln Hights either over Sheperd Lane or otherwise, but excepts such truck traffic as is traveling to or from a residence or place of business within the city of Lincoln Heights ''where such vehicle or vehicles are registered or hired.'' In addition, the ordinance forbids vehicles weighing in excess of twenty thousand pounds, those capable of carrying loads in excess of that weight, vehicles exceeding certain lengths, and contains anti-noise provisions.

Before trial below, it was stipulated that the exception of trucks registered or hired within the city was an unconstitutional provision. However, ultimately the court held that such provisions were separable from the ordinance and that it was otherwise constitutional (except for the anti-noise proviso, with which we are not concerned here directly).

The sole issue before us is the constitutionality of the ordinance.

The general rule to be applied in determining the question is set forth in *Froelich* v. *Clveland,* 99 Ohio St. 376, paragraph three of the syllabus of which reads:

"The state and municipalities may make all reasonable, necessary and appropriate provisions to promote the health, morals, peace and welfare of the community. But neither the state nor a municipality may make any regulations which are unreasonable. The means adopted must be suitable to the end in view, must be impartial in operation and not unduly oppressive upon individuals, must have a real and substantial relation to their purpose, and must not interfere with private rights beyond the necessities of the situation."

This test was applied by this court in *Richter Concrete Corp.* v. *Reading,* 103 Ohio App. 67, and by the Supreme Court in its decision of the same case reported in 166 Ohio St. 279.

The ordinance with which we are concerned in the case at bar is so markedly similar to that involved in *Richter, supra,* that we hold the pronouncement of the Supreme Court set forth there to be dispositive of the issue here.

"Where an ordinance prohibits the operation of trucks over a certain weight on all the streets of a municipality, excepting the only state highway therein, and further excepting operations for loading or unloading at a residence, place of business or industry in the municipality or traveling to or from a residence, place of business or industry where such trucks are registered or hired, such ordinance is discriminatory against nonresidents of such municipality, is an unreasonable classification, is violative of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States and Section 2 of Article I of the Ohio Constitution and is invalid."

We fail to see how the provision in the questioned ordinance, to wit; "Provided further that said public streets may be used by such vehicles for the purpose of loading or unloading in whole or part said vehicle or vehicles at a

residence, place of business or industry within the boundaries of the city of Lincoln Heights, Ohio; provided further, that said public streets may be used by such vehicles for the purpose of traveling to or from a residence, place of business or industry within the city of Lincoln Heights, Ohio, where said vehicle or vehicles are registered or hired," is separable from the ordinance as a whole, after viewing such phase of the question in the light of *State, ex rel. Squire,* v. *Cleveland,* 150 Ohio St. 303 (particularly at page 336), and the opinion of Taft, J., in *State, ex rel. English,* v. *Industrial Commission,* 160 Ohio St. 215.

Therefore, we conclude that a municipal ordinance which prohibits the operation through the municipality of any vehicle exceeding a certain weight, or capable of carrying loads in excess thereof, excepting vehicles registered or hired within the municipality is discriminatory against nonresidents of such municipality, is an unreasonable classification, is violative of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States and Section 2 of Article I of the Ohio Constitution, and is invalid.

*Judgment accordingly.*

LONG, P. J., and HILDEBRANT, J., concur.