## Andy's Excavating, Inc. v. City of Easton

*Louis S. Minotti, Jr.,* for plaintiff.
*Herbert V. Giobbi,* for defendant.
*Thomas W. Houser,* for intervenor-plaintiff.

GRIFO, *J.,* March 13, 1985—Presently before the court is an action for declaratory judgment to determine the validity of an ordinance of the City of Easton restricting the use of commercial vehicles on certain streets within the city. After a hearing before this court, plaintiff's request for preliminary injunction was denied. Counsel for the parties have stipulated that the action be decided on a case-stated basis. Accordingly, we make the following

## FINDINGS OF FACT

1. Plaintiff Andy's Excavating, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 45 Morgan Hill Road, Williams Township, Northampton County, Pa.

2. Defendant City of Easton is a political subdivision organized and existing under the laws of the Commonwealth of Pennsylvania.

3. Intervenor-plaintiff Township of Williams is a political subdivision organized and existing under the laws of the Commonwealth of Pennsylvania.

4. On June 9, 1982, the City of Easton enacted Ordinance no. 2661 which amended Article 523 of the ordinances of the City of Easton. Section 2 of this ordinance provided:

"No person shall drive or operate any commercial motor vehicle as defined in section 523.01 over and upon any street or highway and/or portions of streets and/or highways in the ninth, 10th, 11th, or 12th wards of the City of Easton, excepting South Delaware Drive (U.S. 611)."

5. The part of Line Street upon which plaintiff's property abuts lies on the boundary between Williams Township and the City of Easton, with the southern half of the street in Williams Township and the northern half in the City of Easton. The portion of Line Street located within the City of Easton is included in the city's vehicle-restriction ordinance.

6. The ordinance applies only to commercial vehicles not having a destination in the ninth, 10th, 11th or 12th wards of the City of Easton, for the purpose of loading or unloading and for the purpose of leaving these destinations. As a result, businesses on the Easton side of Line Street are excepted from the vehicle restriction.

7. Section 523.99 of the ordinance imposes a fine of not more than $300 upon conviction for a violation.

8. In May of 1984, the Pennsylvania Department of Transportation completed a study of the streets

subject to the ordinance. Line Street was categorized as a "minor street," built with macadam and narrow in width. The study concluded that a minor street in Easton was not laid out or designed to accommodate large vehicles, due to the stress they put upon the surface of the street and the way in which they encroach upon oncoming traffic lanes while making turns.

9. On June 13, 1984, after this traffic study, the City of Easton re-enacted the vehicle-restriction ordinance by passing Ordinance 2763, which is identical to 2661, with the exception of certain streets. Line Street, however, remains a restricted street.

10. As a result of the ordinance of the City of Easton, plaintiff is unable to drive its trucks on the north side of Line Street or on the portion of Line Street exclusively within Easton. However, it can utilize the South Williams Township side of the street.

11. If the destination of plaintiff's truck is not the ninth, 10th, 11th or 12th ward of the City of Easton and is northeast of the city, plaintiff's employees must use an alternate route to reach their destinations.

12. This alternate route consists of traveling south and west a few blocks to reach Hellertown Road, Philadelphia Road and St. John Street, which are streets excepted from the ordinance, to travel northeast through the City of Easton.

13. This alternate route is not feasible or safe for plaintiff because the low-bed trailers used by plaintiff are unable to negotiate an uphill curve located on Belmont Street. Additionally, it requires extra traveling time.

## DISCUSSION

Plaintiff requests this court to declare the above ordinance of the City of Easton invalid as authorized by the Declaratory Judgment Act, 42 Pa.C.S. §7532 et seq., which provides in part that any person whose rights, status or legal relations are affected by a municipal ordinance may have a court determine a question of validity arising under the ordinance. 42 Pa.C.S. §7533. Plaintiff contests the validity of the ordinance in four ways. First, the ordinance fails to set forth under which section of the Motor Vehicle Code it was enacted. Second, the ordinance imposes a penalty in excess of that permitted by the Motor Vehicle Code. Third, a proper traffic study as required by the Department of Transportation Regulations was not performed prior to enactment of this ordinance. Finally, the ordinance constitutes an unconstitutional exercise of the police powers of the City of Easton.

Plaintiff's first two arguments for invalidity of the ordinance are interrelated. Section 4902 of the Motor Vehicle Code grants local authorities the power to restrict the use of highways based on either weight or traffic conditions:

"(a) *Restrictions based on condition of highway or bridge.* The Commonwealth and local authorities with respect to highways and bridges under their jurisdictions may prohibit the operation of vehicles and may impose restrictions as to the weight or size of vehicles operated upon a highway or bridge whenever they determine that the highway or bridge may be damaged or destroyed unless use by vehicles is prohibited or the permissible size or weight of vehicles is reduced. School buses, emergency vehicles and vehicles making local deliveries

or pickups may be exempted from restrictions on the use of highways imposed under this subsection.

"(b) *Restrictions based on traffic conditions.* The Commonwealth and local authorities with respect to highways and bridges under their jurisdictions may prohibit the operation of vehicles and may impose restrictions as to the weight or size of vehicles operated upon a highway or bridge whenever they determine that hazardous traffic conditions or other safety factors require such a prohibition or restriction. School buses, emergency vehicles and vehicles making local deliveries or pickups may be exempted from restrictions on the use of highways imposed under this subsection."

Paragraph (g) of section 4902 provides the penalty for violation of the above sections:

"(1) Any person operating a vehicle or combination upon a highway or bridge in violation of a prohibition or restriction imposed under subsection (a) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $75, except that any person convicted of operating a vehicle with a gross weight in excess of a posted weight shall be sentenced to pay a fine of $150, plus $150 for each 500 pounds, or part thereof, in excess of 3,000 pounds over the maximum allowance weight.

"(2). Any person operating a vehicle or combination in violation of a prohibition restriction imposed under subsection (b) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of not less than $25 and not more than $100."

It is uncertain whether the vehicle restrictions in the present ordinance are based on the condition of the street surface described in paragraph (a), or on traffic conditions described in paragraph (b) of section 4902. In Com. v. Geise, 314 Pa. Super. 24, 460 A.2d 354 (1983), a criminal case involving violation

of a weight restriction, the Superior Court ruled that a certified copy of the Department of Transportation traffic study on a particular area may be introduced to ascertain whether the restriction was imposed under section 4902 (a) or (b). "The distinction is important because the penalties for violating section· 4902 (a) are much more severe than for violating section 4902 (b)." Id. at 355. Based on Com. v. Geise, and contrary to plaintiff's contentions, an ordinance need not recite under which paragraph of section 4902 a vehicle restriction is imposed. The reasons set forth in the traffic study are sufficient.

During oral argument of this case, the city agreed to submit, and the court agreed to accept, the traffic study performed by the PennDot engineer for the south side of Easton. However, this study concluded that both the weight and traffic conditions caused by large vehicles could not be accommodated on minor streets like Line Street. Accordingly, it is uncertain under which paragraph of section 4902 the Easton ordinance was enacted. This becomes important in determining whether the $300 fine imposed in the ordinance is proper.

Section 6301 of the Motor Vehicle Code provides:
". . .Prosecutions brought under any local ordinance, rule or regulation, which are based on a violation for which there is a specific penalty provided in this title, except for parking violations, shall be deemed as having been brought under this title and the assessment and disposition of the fines and forfeitures shall be so governed."

Section 6101 of the Motor Vehicle Code further provides: ". . .[N]o local authority shall enact or enforce any ordinance on a matter covered by the provisions of this title unless expressly authorized." Section 4902 (g) gives a political subdivision the power to restrict traffic on its streets, but it also ex-

pressly provides penalties for violation of any restriction. As required under the Motor Vehicle Code, the penalty provided in section 4902 (g) must apply to violations of weight restrictions. Since the penalties provided in the Easton ordinance exceed those provided in section 4902, the penalty provision of the ordinance is invalid. Moreover, since the traffic study cited both weight and traffic conditions as reasons for the restrictions, the city must determine whether it will impose the fine for violations of section 4902 (a), or the greater fine for violations of section 4902 (b).

Plaintiff's third reason for invalidity of the ordinance is that a complete traffic study was not completed pursuant to the Pennsylvania Department of Transportation Regulations and the Motor Vehicle Code before the ordinance was enacted. See, 75 Pa.C.S. §6109 (e), 67 Pa. Code §201.81. While it is true that the ordinance in question was originally improperly enacted without a complete study by the Department of Transportation engineer, a traffic study was completed in May of 1984. Subsequently, in June of 1984, the city re-enacted the ordinance in its entirety with the exception of Smith Avenue, St. John Street and Philadelphia Road, which were classified as in the study as major traffic arteries. Ordinance no. 2763. Line Street remained a vehicle-restricted street. The city, therefore, properly re-evaluated and re-enacted the ordinance after a traffic study was performed.

Plaintiff's fourth and final argument is that the ordinance is invalid as an unconstitutional exercise of the city's police powers. Because of Line Street's unique location, half in the City of Easton and half in Williams Township, plaintiff contends it is arbitrary, unreasonable and discriminatory for the city to regulate traffic on its half of the street, and pro-

vide an exception only for traffic leaving or destined for the City of Easton.

A law which is an exercise of police power must not be unreasonable, unduly oppressive, or patently beyond the necessities of the case. In addition, the means employed by the law must have a real and substantial relation to the objects sought to be obtained and may not arbitrarily interfere with private business or impose unusual or unnecessary restrictions on lawful occupations. Fantastic Plastic, Inc. v. City of Pitts., 32 Pa. Commw. 41, 377 A.2d 1051 (1977). The power of a municipality to regulate its streets must be through regulations that are uniform, reasonable and certain, and that conform with the Constitution and laws. Shuck v. Borough of Ligonier, 343 Pa. 265, 22 A.2d 7345 (1941).

The issue presently before this court is whether the ordinance of the City of Easton, which restricts truck traffic on its half of Line Street and provides an exception for local traffic, is a valid exercise of the city's police power when the ordinance has the effect of regulating truck traffic of nonresident businesses on the opposite side of Line Street which are not excepted from the ordinance. Research of cases in this Commonwealth reveals none which discuss a municipality's power to regulate one side of a boundary street, although our courts have discussed the power of a municipality to regulate its streets in general.

In Upper Moreland Township v. Ivy Moor Contractors, Inc., 20 Pa. Commw. 66, 341 A.2d 214 (1974), it was held that a parking ordinance banning large vehicles from certain streets was related to the valid purpose of forbidding large vehicles in residential areas. Furthermore, trial courts of this Commonwealth have concluded that traffic and parking regulations are valid exercises of police

power even if a person's business is adversely affected thereby. Borkowski v. Borough of Conshohocken, 55 Mont. Co. L.R. 381 (1939); Worrilow v. Twp. of Springfield, 37 Del. 258, 42 Mun. 115 (1950). The above cases, however, do not address the effect of a weight-restriction ordinance upon a nonresident plaintiff whose trucks must utilize the restricted street. Courts in other states have evaluated the validity of weight-restriction ordinances which affected parties who used the restricted streets. Weight-restriction ordinances have been upheld as valid where a "reasonable alternate route exists around the regulated street." Carpentersville Ready Mix Co. v. Village of Carpentersville, 39 Ill. App. 3d 840, 350 N.E. 2d 508 (1976) (detour of 1.5 miles); C. White & Son, Inc. v. Town of Rocky Hill, 181 Conn. 114, 434 A.2d 949 (1980). An additional reason provided by the court in C. White & Son, Inc., for upholding the validity of the ordinance was that the subject street was an *interior* street of the town.

Conversely, ordinances have been held invalid on the basis that no reasonable alternate route was available to plaintiffs, or that the ordinance discriminated against nonresidents who drove upon the street. In Vaughn v. City of Parma, 30 Ohio 617, 201 N.E. 2d 722 (1962), a weight-restriction ordinance was held invalid where the alternative route available to plaintiff was hilly and unnavigable by plaintiff's tractor-trailers. The court concluded that use of the alternate route would worsen the traffic conditions which the ordinance was designed to regulate. Another Ohio court in Western Trucking Co. v. City of Lincoln Heights, 19 Ohio App. 2d 85, 249 N.E. 2d 925 (1969), held a municipal ordinance invalid and unconstitutional which prohibited operation through the municipality of any vehicle ex-

ceeding a certain weight, excepting vehicles registered or hired within the municipality, as discriminatory against nonresidents of the municipality. Finally, the Supreme Court of Erie County, New York, in Bakery Salvage Corp. v. City of Lackawanna, 48 Misc. 2d 975, 265 N.Y.S. 2d 471 (1965), declared a city ordinance invalid as applied to a cul-de-sac of 2400 feet, 1000 feet of which was in the city and 1400 feet of which was in an adjoining town. The court concluded that the weight-limit ordinance deprived the property owners in the town abutting the road the benefits of the road where there existed no adequate, safe and suitable alternate route.

Based on the law of this Commonwealth and the analysis applied in other state courts, it can only be concluded that the ordinance of the City of Easton as applied to Line Street is unduly burdensome to the residents on the Williams Township side of Line Street. Since Line Street is a minor street, it follows that only trucks leaving or having a destination on Line Street would use it. Since the ordinance excepts occupants on the Easton side of Line Street from its restrictions, the businesses located on the Williams Township side of the street are most adversely affected by the ordinance. Moreover, because of the uphill curve on the alternate route proposed by the city, the Williams Township businesses are without a reasonable and practical alternate route for their large vehicles.

The city undeniably has the right through its police powers to regulate its streets to protect the health, welfare and safety of its citizens. Accordingly, the city has the power under 75 P.S. §4902 to impose vehicle restrictions. But because Line Street lies on the boundary and the direct effect of the ordinance is upon the nonresidents of the street, the

city has acted in an arbitrary, unreasonable and discriminatory manner. A nondiscriminatory exception for all residents of Line Street, regardless on which side of the street they are located, would remedy the problems with the present ordinance. As stated previously, the penalty provision, section 523.99, is also invalid, and the city must follow the penalties in section 4902 (9) of the Motor Vehicle Code.

## CONCLUSIONS OF LAW

1. Section 523.99 of the ordinances of the City of Easton, which imposes a $300 fine for violation of the commercial vehicle restriction ordinance, is invalid since the fine does not conform to the requirements of section 4902 (g) of the Motor Vehicle Code.

2. Ordinance no. 2763 of the City of Easton was properly enacted after a traffic study was performed as required by the laws of this Commonwealth and the regulations of the Department of Transportation.

3. Ordinance no. 2763 of the City of Easton, which readopted Ordinance no. 2661, is invalid as an unconstitutional exercise of the city's police power.

Wherefore, we enter the following

## JUDGMENT

And now, this March 13, 1985, the issues having been duly tried and the court having made its findings of fact and conclusions of law, it is hereby ordered, adjudged and decreed as follows:

1. The fine provided in section 523.99 of the City of Easton's commercial vehicle restriction ordinance, as amended by Ordinance no. 2763, is

invalid because the fines exceed and do not conform to those provided in 75 Pa.C.S. §4902(g).

2. That portion of Article no. 523 of the City of Easton as amended by Ordinance no. 2763, which prevented certain commercial vehicles from driving on Line Street, is invalid and unconstitutional as applied to residents of Williams Township who must drive commercial vehicles on Line Street because of lack of a reasonable and safe alternate route.