## Upper Moreland Township *v.* Ivymor Contractors, Inc. Appellant.

## Upper Moreland Township *v.* Frank Rageis, Appellant.

Argued June 6, 1975, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Fred J. Silverman,* with him *Harry G. Mahoney,* for appellants.

*S. Gerald Corso,* with him *Raymond Jenkins,* for appellee.

OPINION BY JUDGE ROGERS, June 27, 1975:

The appellants in these consolidated cases, Ivymor Contractors, Inc. and Frank Rageis, have appealed from final adjudications by the Court of Common Pleas of Montgomery County, in appeals from summary convictions, of their guilt of violating an ordinance of Upper Moreland Township.

The ordinance in question renders unlawful the parking of any truck or commercial vehicle "over ¾th ton in size" on designated public streets. The phrase "over ¾th ton in size" was accepted by the appellants as meaning a vehicle capable of carrying a load weighing three-fourths of a ton.

The appellants do not contest that each of them parked one or more vehicles exceeding three-fourths of a ton load capacity on a street subject to the proscription of the ordinance. The appellants further raise no question of the power generally of Upper Moreland Township to regulate parking, specifically delegated by Section 1103(a) of the Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §1103(a); nor do

they dispute the authority of cases upholding classifications of vehicles for purposes of regulating the use of public streets and roads. *See Mellinger v. Kuhn,* 388 Pa. 83, 130 A.2d 154 (1957) ; *Maurer v. Boardman,* 336 Pa. 17, 7 A.2d 466 (1939) ; *William Laubach & Sons v. Easton,* 347 Pa. 542, 32 A.2d 881 (1933) ; *Commonwealth v. Kennedy,* 129 Pa. Superior Ct. 149, 195 A. 770 (1937) ; *City of Wilkes-Barre v. Garabed,* 11 Pa. Superior Ct. 355 (1899) ; *Commonwealth v. Angello,* 65 Montg. Co. L.R. 64 (1948). The appellants contend, rather, that the ordinance's prohibition of parking of trucks and commercial vehicles exceeding three-fourths of a ton load capacity and the allowance of parking of vehicles of lesser capacity bear no substantial relationship to the ordinance's purpose, (which the appellants state to be that of protecting pedestrians[1]) and is thus violative of the due process clause, and further that the classification unreasonably discriminates between things which are similarly situated in violation of the equal protection clause. We disagree.

Our reading of the record, which consists chiefly of the testimony of the township police chief, leads to the conclusion that the purpose of the ordinance is to prevent the parking of large trucks in residential areas for a variety of reasons, including the safe passage of other vehicles, and that the classification of vehicles having a greater or lesser capacity than three-fourths of a ton was intended to achieve that purpose without prohibiting the parking of pickup and panel trucks which are often the primary family vehicle. The chief explained that only an exceptional truck used for family purposes would exceed the weight limitation of the ordinance.

--------

1. The appellants' assumption in this regard is apparently based on the township police chief's testimony that the appellants' practice of parking their trucks at a location where there were no sidewalks endangered children who were assertedly required thereby to use the travelled portion of the street.

It is axiomatic that classification is a legislative question subject to judicial revision only as far as to see that it is founded on real and not merely artificial distinctions. If distinctions are genuine, the court cannot declare the classification to be unlawful. *Equitable Credit and Discount Co. v. Geier,* 342 Pa. 445, 21 A.2d 53 (1941). The distinction made by the instant ordinance between large vehicles and small vehicles defined in terms of load capacity is both genuine and related to the valid purpose of forbidding the parking of large vehicles used for business and industrial purposes while allowing the parking of smaller vehicles devoted to family use.

Judgments affirmed.