569 A.2d 389

**Mark S. LOVE, Appellant,**

v.

**BOROUGH OF STROUDSBURG, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1989.

Decided Jan. 25, 1990.

Petition for Allowance of Appeal Granted Aug. 29, 1990.

Mark S. Love, Miller and Love, Mount Pocono, for appellant.

Ralph A. Matergia, Matergia & Dunn, Stroudsburg, for appellee.

Before COLINS, PALLADINO and SMITH, JJ.

PALLADINO, Judge.

Mark S. Love (Appellant) appeals from an order of the Court of Common Pleas of Monroe County (trial court), which dismissed Appellant's action for declaratory relief.

In the preamble to Borough of Stroudsburg Ordinance No. 636 (Ordinance 636), the council of the Borough of Stroudsburg (Borough) states:

> the use of streets within the residential areas for the parking of vehicles by persons using adjacent governmental, commercial, industrial, educational, and transit areas result[s] in hazardous traffic conditions, the over-burdening of existing streets and roads, and the inability of residents of certain areas to obtain adequate parking adjacent to or close by their places of residence.

Ordinance 636 authorizes council to designate residential parking districts (residential district) and to "establish the parking restrictions, i.e. days, hours, exemptions for each district." Pursuant to this ordinance, a resident of a residential district may purchase a residential parking permit (permit), which exempts him from parking restrictions in his residential district. A person not residing in the residential district cannot purchase a permit for that district. A $15 fine is imposed for a violation of the parking restrictions.

The Borough also adopted Borough Ordinance No. 638 (Ordinance 638), designating Hill District as a residential district. Ordinance 638 prohibits parking without a permit in Hill District in excess of one hour between 8 a.m. and 6 p.m. except on Sundays and enumerated holidays.

Appellant, who does not reside in Hill District, parked his car within Hill District for a period in excess of one hour, and as a result received a ticket, which indicates he was subject to a $15 fine. Appellant, without paying the fine, filed an action for declaratory relief, naming the Borough as defendant and praying the trial court to declare the ordinances invalid. The Borough filed no answer and thereafter argument in the nature of cross motions for judgment on the pleadings was heard by the trial court, which dismissed the action. Appellant appeals to this court.

Appellant raises two issues on appeal: (1) whether the parking program created by the ordinances is an authorized exercise of police power; and (2) whether the ordinances violate sections 1 and 26 of article I of the Constitution of Pennsylvania.[1]

---

1. Section 1 provides:
   All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, or acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.
   Section 26 provides:
   Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.

■ Because this is a declaratory judgment action which follows as nearly as possible the practice and procedure in an action in equity, we will review the determination of the trial court as we would a decree in equity. *Township of Kennedy v. Ohio Valley General Hospital,* 101 Pa. Commonwealth Ct. 536, 516 A.2d 1313 (1986). Our scope of review in equity matters is limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed, or whether the trial court abused its discretion. *Id.*

As to the first issue, Appellant contends that a resident of Hill District possesses the limited right of ingress and egress only and no other superior rights to the roads in issue. He asserts the state and its political subdivisions are therefore compelled to regulate the use of highways without preferential treatment for district residents.

The Borough argues that it has the power to regulate parking so long as the restrictions imposed on the public are not oppressive or unreasonable. Because the ordinances restrict parking only during business hours, during which the public can still park for one hour periods, the Borough contends that the restrictions are not oppressive or unreasonable.

Both parties rely on *William Laubach & Sons v. City of Easton,* 347 Pa. 542, 32 A.2d 881 (1943), in which, the supreme court upheld a city ordinance authorizing the installation and operation of parking meters on congested streets within the city. In that case the court stated:

By § 1103 of the Vehicle Code[2] ..., [the state has] provided that 'local authorities shall have power to pro-

2. Act of May 1, 1929, P.L. 905, *as amended,* repealed by the Act of April 29, 1959, P.L. 58, formerly 75 P.S. § 663. Similar provisions are now found at sections 3353 and 6109 of the Vehicle Code, *as amended,* 75 Pa. C.S. §§ 3353 and 6109. Section 3353(d) provides:

**Restrictions by appropriate authorities.**—The department on State-designated highways and local authorities on any highway within their boundaries may by erection of official traffic control devices prohibit, limit or restrict stopping, standing or parking of vehicles on any highway where engineering and traffic studies indicate that *stopping, standing, or parking would constitute a safety hazard or*

vide by ordinance for the regulation of traffic by means of peace officers or official traffic signals on any portion of the highway where traffic is heavy or continuous, and may *regulate or prohibit parking, stopping or loading of vehicles.*'

*Id.*, 347 Pa. at 547–8, 32 A.2d at 884 (footnote added) (emphasis in original). The supreme court held that "the state has delegated to municipalities its police power in such matters" and that municipal regulation of parking is valid "so long as the regulations are not oppressive or unreasonable." *Id.*, 347 Pa. at 547, 32 A.2d at 884.

Neither research of counsel nor our own research reveals any prior appellate court case law in the Commonwealth specifically addressing the question of the constitutionality of the police power exercised in the ordinances in question. It would appear that the issue is one of first impression.

We are instructed by language of the supreme court in *Breinig v. County of Allegheny*, 332 Pa. 474, 2 A.2d 842 (1938), in which is discussed the relative rights of the public and abutting landowners to use public highways. The court stated that public roads are held by a political subdivision "in trust for public use generally, for transit only, duly considering the rights of all members of the traveling public. The right of passage includes the right as against other members of the traveling public, to stop temporarily for business necessity, accident or the ordinary exigencies of travel." *Id.*, 332 Pa. at 479, 2 A.2d 846–847.[3] Appellant's right as a non-resident to use the public roads in issue is the right possessed by the traveling public.

▆▆▆ Under the ordinances in issue, non-residents may park without restriction for one hour periods to conduct

where the stopping, standing or parking of vehicles would unduly interfere with the free movement of traffic.

Section 6109 enumerates specific police powers delegated to local authorities, including the general power to regulate and prohibit parking.

**3.** In *Breinig,* the court discusses the rights of the traveling public to use highways, but the holding addresses only a landowner's right to access his property from a highway.

business during business hours. At other times, they may park without limitation. The parking regulation is consistent with the right of a non-resident to temporarily park along public roads. Furthermore, because this parking restriction furthers the public purpose of alleviating the hazards caused by over time parking, we conclude that the parking program is a constitutionally valid exercise of police power.

■ As to the second issue, this court has previously addressed equal protection requirements of classifications in a parking ordinance in *Upper Moreland Township v. Ivymore Contractors, Inc.* 20 Pa. Commonwealth Ct. 66, 341 A.2d 214 (1975). In *Upper Moreland,* a township ordinance prohibited the parking of any truck or commercial vehicle "over ¾th ton in size" in residential areas within the township. We held:

> It is axiomatic that classification is a legislative question subject to judicial revision only as far as to see that it is founded on real and not merely artificial distinctions. If the distinctions are genuine, the court cannot declare the classification to be unlawful. *Equitable Credit and Discount Co. v. Geier,* 342 Pa. 445, 21 A.2d 53 (1941). The distinction made by the instant ordinances between large vehicles and small vehicles ... is both genuine and related to the valid purpose of forbidding the parking of vehicles used for business and industrial purposes while allowing the parking of smaller vehicles devoted to family use.

*Id.,* 20 Pa.Commonwealth Ct. at 69, 341 A.2d at 215.

In *Equitable,* this standard was applied to section 1 of article I of the Constitution of Pennsylvania. For the purposes of this case, we find it equally applicable to section 26.

In the instant ordinances, we must decide if the distinction between vehicles used for business purposes and vehicles used for residential purposes is genuine. Clearly, nonresidents, who commute to the city, cause regular peri-

ods of congestion and confusion on public roads that are not created by residential parking. We conclude that the classification is based on a genuine distinction and the ordinances do not violate sections 1 or 26 of article I of the Constitution of Pennsylvania.

Accordingly, we affirm.

## ORDER

AND NOW, January 25, 1990, the order of the Court of Common Pleas of Monroe County in the above-captioned matter is affirmed.