597 A.2d 1137

**Mark S. LOVE, Appellant,**

v.

**BOROUGH OF STROUDSBURG, Appellee.**

Supreme Court of Pennsylvania.

Argued April 9, 1991.

Decided Oct. 7, 1991.

Mark S. Love, pro se.

Ralph A. Matergia, Stroudsburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY *, Justice.

The issues presented in this appeal are, whether a borough ordinance creating a restrictive residential parking scheme is a valid exercise of police power; and whether the ordinance, if valid under the police power, violates the equal protection provisions of the Pennsylvania Constitution. For

* Reassigned to writer on July 10, 1991.

the reasons that follow we find the ordinance withstands both challenges as made by the appellant.

On May 21, 1987, the Borough of Stroudsburg adopted ordinance No. 636 authorizing the future establishment of residential parking districts and detailing the manner in which such districts were to be so designated. In compliance with the procedures set forth in ordinance No. 636, ordinance No. 638 was enacted on August 4, 1987. Ordinance No. 638 designated a certain geographic area known as the "Hill District" as a residential parking district. The impact of ordinance No. 638 was to restrict parking by non-residents within the "Hill District," by issuing parking permits to residents while limiting the time non-residents were permitted to park within the area. The portion of ordinance No. 638 containing the specific restrictions as to non-residents, provides as follows:

> The residential parking district restrictions for the Hill District shall be in effect Monday through Saturday, inclusive, from 8 A.M. to 6 P.M., prevailing time. Motor vehicles not displaying a valid residential parking district permit may not be parked on the streets of the Hill District for more than one (1) hour, with the exception of metered parking spaces on Sarah Street. The parking restrictions set forth in this subsection shall not apply on the following holidays: New Years Day, Good Friday, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas. The permit term for the Hill District shall commence on October 1 and expire two (2) years later on September 30.

Subsequent to the passage of these two ordinances, on October 4, 1988, the appellant, a non-resident of the Hill District, parked his automobile within the district for a period in excess of one hour. As a result, he received a ticket indicating that he had violated ordinance No. 638 of the Borough of Stroudsburg, thus, subjecting him to a fifteen dollar ($15) fine.

On October 6, 1988 appellant filed an action for declaratory relief in the Court of Common Pleas of Monroe County,

requesting that ordinances No. 636 and No. 638 be declared invalid. The Borough did not file an answer, thus the facts as pled are uncontested. Argument in the nature of cross-motions for judgment on the pleadings was heard on February 6, 1989. The action for declaratory relief was dismissed by the trial court on March 21, 1989.

The Commonwealth Court affirmed the decision of the trial court on January 25, 1990. 131 Pa.Cmwlth. 11, 569 A.2d 389. As this case presents a question of first impression in the Commonwealth, this Court granted the petition for allowance of appeal. 525 Pa. 661, 582 A.2d 326.

■ We must first address appellant's argument that the ordinances in question constitute an invalid exercise of the Borough's police power. There can be no question as to the authority of the Borough to regulate parking within its borders. As this Court stated in *William Laubach & Sons v. City of Easton*, 347 Pa. 542, 32 A.2d 881 (1943), "[w]e deem it to be the law that the state has the same right to regulate parking that it has to limit the speed of automobiles, so long as the regulations are not oppressive or unreasonable." *Id.*, 347 Pa. at 547, 32 A.2d at 884.[1]

■ The question then becomes, are the parking restrictions of the Borough of Stroudsburg oppressive or unreasonable? The specific ordinance involved in this case restricts parking by non-residents to one hour, Mondays through Saturdays, inclusive, between 8 a.m. and 6 p.m., subject to specific exceptions, within a primarily residential district.[2] Ordinance No. 638 was enacted pursuant to an enabling ordinance, No. 636 of May 21, 1987, which sets forth strict guidelines that have to be met before a restrict-

1. *See,* 53 Pa.S. § 46202 of the Borough Code, granting Boroughs within this Commonwealth the specific power to regulate parking within their borders. *See also,* 75 Pa.C.S. § 6109 of the Motor Vehicle Code enumerating the specific police powers of local authorities.

2. The specific ordinance at issue is No. 638 of the Borough of Stroudsburg, Monroe County, Commonwealth of Pennsylvania, enacted August 4, 1987. Ordinance No. 636 enacted on May 21, 1987 is also at issue, as it is the enabling authority for the specific restrictions found in ordinance No. 638.

ed parking district could be established. The purpose of designating certain districts for restricted parking is set forth in the preamble of the enabling ordinance:

WHEREAS, the use of streets within residential areas for the parking of vehicles by persons using adjacent governmental, commercial, industrial, educational, and transit areas result in hazardous traffic conditions, the over-burdening of existing streets and roads, and the inability of residents of certain areas to obtain adequate parking adjacent to or close by their places of residence; and

WHEREAS, the Stroudsburg Borough Council believes that the creation of residential parking districts will reduce the conditions described above and will promote the safety and welfare of the residents of the Borough.

The procedure for designating an area for restricted parking provides that upon petition of the residents, and after a traffic study and public hearing, if it is determined that the area in question is overburdened by 30% with non-resident parking, within a primarily residential area, the parking restrictions of ordinance No. 638 are to apply. Such an exercise of the police power is not oppressive or unreasonable. Neither the stated purpose of the ordinance, nor its application, reveals a tyrannical abuse of authority with no logical intention.

As we find the ordinances encompass a valid exercise of the police power of the Borough of Stroudsburg, we must now address appellant's claim that the ordinances violate the equal protection provisions of the Pennsylvania Constitution. The Pennsylvania Constitution specifically provides at Article I Sections 1 and 26:

**Section 1. Inherent rights of mankind**

All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

### Section 26. No discrimination by Commonwealth and its political subdivisions

Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.

■ The equal protection provisions of the Pennsylvania Constitution are analyzed by this Court under the same standards used by the United States Supreme Court when reviewing equal protection claims under the Fourteenth Amendment to the United States Constitution. *James v. Southeastern Pennsylvania Transportation Authority,* 505 Pa. 137, 477 A.2d 1302 (1984). As was stated in *James,* analysis of an equal protection claim must begin with a determination of the type of interest at issue.

Under a typical fourteenth amendment analysis of governmental classifications, there are three different types of classifications calling for three different standards of judicial review. The first type—classifications implicating neither suspect classes nor fundamental rights—will be sustained if it meets a "rational basis" test. In the second type of cases, where a suspect classification has been made or a fundamental right has been burdened, another standard of review is applied: that of strict scrutiny. Finally, in the third type of cases, if "important," though not fundamental rights are affected by the classification, or if "sensitive" classifications have been made, the United States Supreme Court has employed what may be called an intermediate standard of review, or a heightened standard of review.

*Id.,* 505 Pa. at 145, 477 A.2d at 1305–1306 [citations omitted].

■ Obviously, parking restrictions such as the ordinances at issue, involve "neither suspect classes nor fundamental rights." *Id.* Thus, the appropriate standard to be applied is the "rational basis" test. The criteria for meeting the "rational basis" test was recently, and succinctly, stated in *Fischer v. Department of Public Welfare,* 509 Pa. 293, 502 A.2d 114 (1985). "Thus, in order for the classification

to sustain constitutional attack it need only be directed at the accomplishment of a legitimate governmental interest, and to do so in a manner which is not arbitrary or unreason-. able." *Id.*, 509 Pa. at 310, 502 A.2d at 123.

The classification at issue grants a preference to residents of a given district to park their own automobiles near their homes, while limiting the amount of time that non-residents may park within the area. The purpose for the instant classification is to "promote the safety and welfare of the residents of the Borough, reduce hazardous traffic conditions and the overburdening of existing streets and roads, and to [enable] residents of certain areas to obtain adequate parking adjacent to or close by their places of residence." *See,* Ordinance 636. These are legitimate governmental interests. Achieving these interests by limiting time allotted to non-residents to park within the area is not an arbitrary or unreasonable method of obtaining the governmental interest involved.[3]

Therefore, the ordinances in question being a valid exercise of the police power, and not violative of the equal protection provisions of the Pennsylvania Constitution, the decision of the Commonwealth Court is affirmed.

LARSEN, J., filed a dissenting opinion in which FLAHERTY, J., joined.

LARSEN, Justice, dissenting.

I dissent.

[3]. Recently the United States Supreme Court issued a per curiam opinion refusing certiorari to review a parking restriction very similar to the one at issue. The parking ordinance in *Arlington County Board v. Richards,* 434 U.S. 5, 98 S.Ct. 24, 54 L.Ed.2d 4 *reh'g denied* 434 U.S. 976, 98 S.Ct. 535, 54 L.Ed.2d 468 (1977), also limited non-resident parking. Although the preamble to the ordinance offered additional reasons for the restrictions than those offered in the ordinance at issue, the basic purpose for the restrictions and the method of accomplishing that purpose are the same. In *Richards,* the equal protection argument was denied by the Court, which stated: "The Equal Protection Clause requires only that the distinction drawn by an ordinance like Arlington's rationally promote the regulation's objectives." *Id.* 434 U.S. at 7, 98 S.Ct. at 26.

The issue raised by this appeal is whether appellee, the Borough of Stroudsburg, properly exercised its police power in establishing residential parking districts that limit the access of nonresidents to on-street parking in designated residential areas, in order to reduce traffic congestion and hazards and to enable the residents of such parking districts to park their vehicles without limitation on the streets near their homes.[1] The majority of this Court errs in finding that appellee Borough did properly exercise its police power in this case, and, in fact, overrules the well settled law of this Commonwealth.

It has long been the law of this Commonwealth that municipalities may enact rules and regulations controlling public streets. *Livingston v. Wolf,* 136 Pa. 519, 20 A. 551 (1890). In doing so, however, municipalities may not grant rights and privileges to a favored few at the expense of the many. *Reimer's Appeal,* 100 Pa. 182, 45 A. 373 (1882); *see also William Laubach & Sons v. Easton,* 347 Pa. 542, 32 A.2d 881 (1943) (municipalities may regulate the use of highways in the interest of the *whole* public in so far as the regulations are not unreasonable or oppressive). In fact, our courts have consistently held that purely private uses of public highways with no reasonable benefit to the public are not permissible. *See, e.g., 46 South 52nd Street Corporation v. Manlin,* 398 Pa. 304, 157 A.2d 381 (1960) (newsstand on public sidewalk is private use which can be enjoined by abutting landowner). The municipality may authorize certain uses of public thoroughfares, but only for *public* services, travel and commerce. *Id.*

Landowners whose property abuts public streets, roads, and highways retain some rights of ownership in the highway, including a right of access to their property. *Breinig v. Allegheny County,* 332 Pa. 474, 2 A.2d 842 (1938). The rights of ownership retained are not without limit, however,

---

**1.** The stated purpose of Ordinance No. 636 of the Borough of Stroudsburg is to alleviate "hazardous traffic conditions, the over-burdening of existing streets and roads, and the inability of residents of certain areas to obtain adequate parking adjacent to or close by their places of residence." Reproduced Record at 6a.

as neither the abutting landowners nor others may restrict the use of the public thoroughfares by the public for transit. This right of transit includes the right to stop as necessary due to the ordinary exigencies of travel. *Id.*

The Borough of Stroudsburg, in enacting ordinances which provide for the designation of residential parking districts herein, has, by stated purpose, created private parking zones on specified public streets for the sole benefit of the residents who live in homes located on those streets, at the expense of the general commuting public. This is not a proper exercise of the Borough's police power, in that municipalities may not take for private use that which belongs to the public. *Reimer's Appeal, supra.*

The other stated purpose of the ordinances in question herein is to alleviate "hazardous traffic conditions and the overburdening of existing streets and roads." Borough of Stroudsburg Ordinance No. 636. Where a municipality exercises its police power "the means which it employs must have a real and substantial relation to the objects sought to be obtained." *Lutz v. Armour*, 395 Pa. 576, 579, 151 A.2d 108, 110 (1959) (ordinance forbidding landfill operators from accepting garbage originating outside of township had no substantial relation to goal of regulating garbage disposal areas). The Borough of Stroudsburg is declaring, in effect, that the motor vehicles of nonresidents create hazardous traffic conditions in residential parking districts, if they are allowed to park all day in those districts during business hours, but that the motor vehicles of residents with permits do not create hazardous traffic conditions under the same circumstances. This is a distinction that is both artificial and clearly without merit. The provisions of Ordinances No. 636 and No. 638 of the Borough of Stroudsburg which distinguish between the motor vehicles of residents and those of nonresidents and which are intended to alleviate hazardous traffic conditions do not have a "real and substantial relation to the objects sought to be obtained."

In addition, this Court has held that regulations which do not operate on all alike cannot be justified under the police power. *White's Appeal,* 287 Pa. 259, 134 A. 409 (1926). Because the ordinances in question do not extend the same parking privileges to all, and because they penalize some for conduct that others may engage in with impunity, there is no justification for these ordinances under the police power; thus, I would find that they are invalid.

Accordingly, I would reverse the order of the Commonwealth Court which affirmed the order of the Court of Common Pleas of Monroe County.

FLAHERTY, J., joins this dissenting opinion.