ALLEGHENY INTERMEDIATE UNIT # 3 EDUCATION ASSOCIATION,

v.

BETHEL PARK SCHOOL DISTRICT, Chartiers Valley School District, Elizabeth Forward School District, Highlands School District, North Allegheny School District, Shaler Area School District and South Fayette Township School District,

v.

BETHEL PARK FEDERATION OF TEACHERS and Chartiers Valley Federation of Teachers,

v.

BETHEL PARK SCHOOL DISTRICT and Chartiers Valley School District,

Bethel Park School District, Elizabeth Forward School District, Highlands School District and North Allegheny School District, Appellants,

ALLEGHENY INTERMEDIATE UNIT # 3 EDUCATION ASSOCIATION,

v.

BETHEL PARK SCHOOL DISTRICT, Chartiers Valley School District, Elizabeth Forward School District, Highlands School District, North Allegheny School District, Shaler Area School District and South Fayette Township School District,

v.

BETHEL PARK FEDERATION OF TEACHERS and Chartiers Valley Federation of Teachers,

v.

BETHEL PARK SCHOOL DISTRICT and Chartiers Valley School District,

Shaler Area School District, Appellant,

ALLEGHENY INTERMEDIATE UNIT # 3 EDUCATION ASSOCIATION,

v.

BETHEL PARK SCHOOL DISTRICT, Chartiers Valley School District, Elizabeth Forward School District, Highlands School District, North Allegheny School District, Shaler Area School District and

South Fayette Township School District,

v.

BETHEL PARK FEDERATION OF TEACHERS and Chartiers Valley Federation of Teachers

v.

BETHEL PARK SCHOOL DISTRICT and Chartiers Valley School District,

Chartiers Valley School District, Appellant.

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1994.

Decided January 20, 1995.

Township School Districts (collectively, Appellants) appeal an order of the Court of Common Pleas of Allegheny County (trial court) which required Appellants to credit for salary and sabbatical leave purposes the years of service accumulated by each employee who had previously transferred from the Allegheny Intermediate Unit # 3 (I.U.).

Prior to 1991, special education classes conducted in Pennsylvania public schools were taught by intermediate units which had contracted with the local school districts for the provision of special education classes. In 1991, due to the institution of new methods of special education funding, many school districts chose to conduct special education programs on their own. Appellants, in conducting their own special education programs, employed a number of furloughed I.U. members, pursuant to Section 1113 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, added by section 5 of the Act of February 4, 1982, P.L. 1, 24 P.S. § 11–1113 (referred to as the Transfer of Entities Act).[1] Upon employing these teachers, Appellants granted them credit for their actual years of service in the I.U. Appellants, however, did not credit their previous experience even though the I.U. had given them credit for those prior years when they were initially employed by the I.U.

The Allegheny Intermediate Unit # 3 Education Association (Education Association) filed an action for declaratory judgment with the trial court. Following the submission of stipulated facts and briefs, the trial court entered an order dated September 2, 1993, in favor of the Education Association. Following the denial of post-trial motions, Appellants appeal.

Stephen H. Jordan and Lee V. Price, for appellants.

Ronald N. Watzman, for appellee.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

Bethel Park, Chartiers Valley, Elizabeth Forward, Highlands School Districts, North Allegheny, Shaler Area, and South Fayette

---

1. The pertinent part of Section 1113 states the following:

    (a) When a program or class is transferred as a unit from one or more school entities to another school entity or entities, professional employees who were assigned to the class or program immediately prior to the transfer and are classified as teachers as defined in section 1141(1) and are suspended as a result of the transfer and who are properly certified shall be offered employment in the program or class by the receiving entity or entities when services of a professional employee are needed to sustain

    the program or class transferred, as long as there is no suspended or professional employee in the receiving entity who is properly certificated to fill the position in the transferred class or program.

    (b) Transferred professional employees shall be credited by the receiving entity *only* for their sick leave *accumulated* in the entity *and also* for their years of service in the sending entity, the latter for purposes of sabbatical leave eligibility and placement in the salary schedule.... (Emphasis added).

    24 P.S. § 11–1113.

■ On appeal, Appellants request us to determine whether the Act requires that the receiving entity credit the transferred professional employees with only those years of service earned in the sending entity.[2]

■ Our scope of review in an action for declaratory judgment is limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed, or whether the trial court abused its discretion. *Love v. Borough of Stroudsburg,* 131 Pa.Commonwealth Ct. 11, 569 A.2d 389 (1990), *affirmed,* 528 Pa. 320, 597 A.2d 1137 (1991).

■ Initially, Appellants argue that the Transfer of Entities Act (Act) requires that the receiving entity credit the transferred professional employees with only those years of service earned in the sending entity. Appellants argue that the statute clearly states that School Districts need only credit years of actual service at the sending entity. The Education Association asserts that the Act is ambiguous and that statutory construction techniques must be used to determine its meaning. We agree with the Education Association that Section 1113 of the Act is susceptible to more than one meaning and, as a result, we must use the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, to decipher it.

■ Where the language of a statute is unclear and its words are not explicit, then a court must ascertain the Legislature's intent in accordance with 1 Pa.C.S. § 1921.[3] *See Philadelphia Suburban Corporation v. Commonwealth,* 144 Pa.Commonwealth Ct. 410, 601 A.2d 893 (1992), *rev'd on other grounds,* 535 Pa. 298, 635 A.2d 116 (1993). When a statute is ambiguous, then the court is authorized to ascertain the intent of the drafters through a consideration of the necessity for and the circumstances surrounding the enactment of the ordinance, the evil to be remedied and the object to be attained. 1 Pa.C.S. § 1921(c); *Kulzer Roofing, Inc. v. Department of Labor and Industry,* 68 Pa.Commonwealth Ct. 642, 450 A.2d 259 (1982).

■ Initially, we note as a general matter that this Court has already determined that, by promulgating the Act, the Legislature intended to protect intermediate unit teachers at a time when it anticipated that many would be suspended. *Allegheny Intermediate Unit # 3 v. North Hills School District et al.,* 155 Pa.Commonwealth Ct. 211, 624 A.2d 802 (1993). The trial court, when examining this issue, noted that the intent of the Legislature was not to harm professional employees due to the restructuring of the funding for the special education programs. The trial court found it particularly notable, and we agree, that the terms "only" and "accumulated" were added in reference to sick leave days, while those terms were not used in regard to years of service. We agree that this suggests that the General Assembly intended not to omit previous years of credited

---

2. We note that the Education Association's brief contains a counterstatement of the questions involved. The Education Association's counterstatement includes the issue raised by Appellants, but also contains the following as a second question: "Does the Shaler Collective Bargaining Agreement preclude the granting of such credit?" Because the Education Association has not filed a cross-appeal, we are precluded from addressing any issues which are raised by the Education Association which have not been raised by Appellants. *See, Sands v. Andino,* 404 Pa.Super. 238, 240 n. 1, 590 A.2d 761, 762 n. 1 (1991).

3. 1 Pa.C.S. § 1921 states the following:

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

(c) When the words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

service. Accordingly, Appellants' argument must fail.

The decision of the trial court is affirmed.

### ORDER

AND NOW, to wit, this 20th day of January, 1995, the order of the Court of Common Pleas of Allegheny County at No. GD91–20791, and dated September 2, 1993, is affirmed.