# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas E. Huyett,                           :
                                            :
                    Petitioner              :
                                            :
            v.                              : No. 516 M.D. 2015
                                            : Submitted: February 10, 2017
Pennsylvania State Police,                  :
Commonwealth of Pennsylvania,               :
                                            :
                    Respondent              :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: August 17, 2017

          Before this Court in our original jurisdiction are the preliminary
objections of the Pennsylvania State Police (PSP) to Thomas Huyett's (Petitioner)
Petition for Review in the Nature of a Complaint in Mandamus (Petition). For the
reasons that follow, we sustain in part and overrule in part PSP's preliminary
objections.


## I. Background

          Petitioner, a convicted sex offender, filed the Petition against PSP
challenging his registration requirements under the Sexual Offender Registration

and Notification Act (SORNA),[1] which is the fourth iteration of the law commonly known as Megan's Law.[2] In support of his Petition, he alleged the following. In March 2004, Petitioner was charged with 12 offenses including misdemeanors and felonies. Specifically, he was charged with: (1) indecent exposure, 18 Pa. C.S. §3127 (M2); (2) open lewdness, 18 Pa. C.S. §5901 (M3); (3) promoting prostitution, 18 Pa. C.S. §5902(a)(1) (M3); (4) promoting prostitution, 18 Pa. C.S. §5902(a)(2) (M3); (5) harassment, 18 Pa. C.S. §2709(a)(4) (M3); (6) interference with custody of children, 18 Pa. C.S. §2904(a) (F3); (7) criminal coercion, 18 Pa. C.S. §2906(a)(2) (M2); (8) promoting prostitution, 18 Pa. C.S. § 5902(b)(3) (F3); (9) corruption of minors, 18 Pa. C.S. §6301(a) (M1); (10) possession of child pornography, 18 Pa. C.S. §6312(d)(1) (F3); (11) unlawful contact or communication with a minor, 18 Pa. C.S. §6318 (F3); and, (12) criminal use of a communications facility, 18 Pa. C.S. §7512(a) (F3). Petition, ¶¶3-4.

"Pursuant to a negotiated Plea Arrangement between the Commonwealth" and Petitioner, the "Commonwealth agreed" that if Petitioner pled "guilty to three of the felonies, that the Commonwealth would be agreeable to the dismissal of the remaining nine charges." Petition, ¶7. Petitioner admits the guilty plea was an "open plea." Petition, ¶9. In February 2005, Petitioner entered an open guilty plea to three felonies of the third degree: possession of child pornography, unlawful contact or communication with a minor and criminal use of a communications facility. In May 2005, the sentencing court sentenced Petitioner

---

[1] 42 Pa. C.S. §§9799.10–9799.41.

[2] Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1). This first version of the act is referred to as Megan's Law I.

to 23 months in prison, six months of house arrest and ten years of probation. Petition, ¶15.

Petitioner maintains that, as part of the plea agreement, he was required to register as a sex offender under Megan's Law for 10 years. Petition, ¶13. At the time of his plea as well as sentencing, the second iteration of Megan's Law (Megan's Law II)[3] was in effect, which required a 10-year registration period. *Former* Section 9793 of Megan's Law II, 42 Pa. C.S. §9793. In November 2004, the General Assembly enacted Megan's Law III.[4] Then, on December 20, 2011, the General Assembly enacted SORNA, which is the fourth iteration of Megan's Law. SORNA took effect one year later on December 20, 2012. Under SORNA, the General Assembly required lifetime registration for individuals convicted of two or more offenses requiring 10-year registration. 42 Pa. C.S. §9799.15(a)(3). SORNA is the sexual offender registration law currently in effect.

After SORNA was enacted, PSP notified Petitioner that he was now subject to lifetime sex offender registration. Petition, ¶58. Petitioner contacted PSP and requested the agency remove his name from PSP's sex offender website. Petition, ¶58. PSP denied the request, advising, "[i]f you believe that a legal basis exists to have [Petitioner] removed due to negotiations with the Berks County

---

[3] Act of May 10, 2000, P.L. 74. The General Assembly enacted Megan's Law II in response to Megan's Law I being ruled unconstitutional by our Supreme Court in *Commonwealth v. Williams*, 733 A.2d 593 (Pa. 1999).

[4] Act of November 24, 2004, P.L. 1243. The General Assembly enacted Megan's Law III to address portions of Megan's Law II, Act of May 10, 2000, P.L. 74, which the Supreme Court declared unconstitutional in *Commonwealth v. Williams*, 832 A.2d 962 (Pa. 2003). Megan's Law III also required Petitioner to register for ten years for his convictions. *Former* Section 9795.1(a)(1) of Megan's Law III, 42 Pa. C.S. §9795.1(a)(1).

District Attorney's Office, we recommend that you contact that office with any concerns." Petition, Exhibit C.

In October 2015, Petitioner filed a petition for review in the nature of a complaint in mandamus in this Court's original jurisdiction, challenging his registration status under SORNA.[5]  Petitioner alleges that his period of probation will terminate in 2015 pursuant to his plea agreement.  Petition, ¶56.  He also alleges that under the terms of his initial plea agreement, his 10-year registration period should have terminated in August 2015.  Petition, ¶57.

Petitioner maintains that his initial 10-year sex offender registration period was part of his plea bargain.  Petition, ¶¶11-13.  He argues that plea bargains are subject to the laws of contract and contract principles.  Petition, ¶30. He maintains that the Constitution prohibits states from making any law that impairs the obligation of contracts and that SORNA is unconstitutional to the extent that it changes the obligation of plea bargains and deprives him of equal protection under the law as well as liberty without due process.

Although his claims are not separated or enumerated as counts, we have gleaned three counts based on the retroactive application of SORNA's registration provisions:  (I) deprivation of due process; (II) deprivation of equal protection under the law; and (III) breach of Petitioner's plea agreement with the Commonwealth.  Ultimately, he requests this Court to enter a rule to show cause

---

[5] Prior to that, in December 2014, Petitioner filed in the Court of Common Pleas of Berks County (trial court) a "Petition to Enforce Plea Bargain and/or to Terminate Registration/Supervision Requirement."  Petition, Exhibit C, Appendix A at 11 (Common Pleas Docket).  The trial court issued a rule to show cause and scheduled a hearing.  *Id.*  Thereafter, Petitioner filed a motion to withdraw the Petition to Enforce Plea Bargain.  *Id.*

4

upon PSP to show why his plea agreement should not be strictly enforced and his period to register as a sex offender be terminated.

In response, PSP filed preliminary objections. PSP objects to the Petition in its entirety on the grounds that the Petition is barred by the statute of limitations and mandamus will not lie against PSP. PSP also objects to each count on the basis that the Petition is legally insufficient (demurrer) pursuant to Pa. R.C.P. No. 1028(a)(4). Specifically, PSP asserts Petitioner's due process claim fails as a matter of law as the courts of this Commonwealth have held that SORNA's registration provisions do not constitute an ex post facto law; his equal protection claim fails because SORNA does not create a suspect classification and Petitioner does not state to which suspect class he belongs; and his contract claim fails because PSP is not the proper party.

## II. Preliminary Objections

A demurrer contests the legal sufficiency of a complaint. *Barge v. Pennsylvania Board of Probation and Parole*, 39 A.3d 530, 538 (Pa. Cmwlth. 2012), *affirmed*, 96 A.3d 360 (Pa. 2014). In ruling on preliminary objections, the courts must accept as true all well-pled facts that are material and all inferences reasonably deducible from the facts. *Id*. However, the courts are not required to accept as true any unwarranted factual inferences, conclusions of law or expressions of opinion. *Id*. For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. *Id*. Any doubt must be resolved in favor of the non-moving party. *Id*. With these principles in mind, we address PSP's preliminary objections.

5

## A. Statute of Limitations & Mandamus

First, PSP objects on the grounds that the Petition is barred by the statute of limitations and mandamus will not lie against PSP. Recently, this Court addressed and rejected identical objections in another Megan's Law case, *Taylor v. Pennsylvania State Police*, 132 A.3d 590 (Pa. Cmwlth. 2016). In light of this controlling case law, PSP concedes its objections should be determined accordingly. Respondent's Brief in Support of Preliminary Objections, at 11 n.6. Therefore, based on *Taylor*, we overrule PSP's objections that Petitioner's claims are barred by the applicable statute of limitations and that mandamus will not lie against PSP.

## B. Demurrer to Due Process Claim

Next, PSP demurs on the basis that the Petition is legally insufficient pursuant to Pa. R.C.P. No. 1028(a)(4). Petitioner alleges the retroactive application of SORNA's registration requirements deprives him of constitutional due process.[6] According to PSP, Petitioner's due process claims fail as a matter of law because SORNA is nonpunitive in nature and therefore any retroactive application is not unconstitutional as alleged.

Recently, the Pennsylvania Supreme Court held that the registration provisions of SORNA are punitive in nature and a retroactive application violates the federal *ex post facto* clause, U.S. Const. art. I, §10, and the *ex post facto* clause

---

[6] Where a case does not involve application of a judicial precedent interpreting a statute or judicial abrogation of the common law, it is more properly framed as an *ex post facto* challenge and not a due process issue. *Commonwealth v. Rose*, 81 A.3d 123, 126 n.3 (Pa. Super. 2013), *aff'd*, 127 A.3d 794 (Pa. 2015) (citing *Metrish v. Lancaster*, __ U.S. __, 133 S.Ct. 1781 (2013) (discussing difference between *ex post facto* violation and related due process challenge)).

6

of the Pennsylvania Constitution, Pa. Const. art. I, §17. *Commonwealth v. Muniz*, __ A.3d __, __ (Pa., No. 47 MAP 2016, filed July 19, 2017), slip op. at 55.[7] As it now appears that the law may permit recovery on Petitioner's claim, we overrule the PSP's objection.

## C. Demurrer to Equal Protection Claim

PSP also demurs to Petitioner's equal protection claim because Petitioner does not state a claim that the application of SORNA deprives him of equal protection under the law. According to PSP, Petitioner does not identify what suspect class to which he belongs or state how SORNA creates any suspect classification.

Equal protection is the constitutional principle that "'like persons in like circumstances will be treated similarly'" under the law. *Doe v. Miller*, 886 A.2d 310, 315 (Pa. Cmwlth. 2005) (quoting *Curtis v. Kline*, 666 A.2d 265, 267 (Pa. 1995)). The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." Article I, Sections 1 and 26 of the Pennsylvania Constitution provide the basis for equal protection under state law. Pa. Const. art. I, §1 ("All men are born equally free and independent, and have certain inherent and indefeasible rights."); Pa. Const. art. I, §26 ("Neither the Commonwealth nor any political subdivision thereof shall deny to any person the

---

[7] Although the *Muniz* opinion is technically a plurality opinion, Justice Wecht's concurring opinion, in which Justice Todd joins, provides precedential value to that portion of the opinion holding that applying the federal *ex post facto* standards leads to the conclusion that SORNA is punitive in nature and cannot be applied retroactively. However, Justice Wecht does not share the plurality's interpretation of the Pennsylvania Constitution as providing greater protection than its federal counterpart and concurs in result only to that portion of the opinion.

enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right").[8]

In *Miller*, we addressed whether the classification scheme of Megan's Law II, which created classifications for sexual and non-sexual offenders, violated the Equal Protection Clauses of the United States and Pennsylvania Constitutions. 886 A.2d at 313. We reasoned that "'[t]he prohibition against treating people differently under the law does not preclude the Commonwealth from resorting to legislative classifications, provided that those classifications are reasonable rather than arbitrary and bear a reasonable relationship to the object of the legislation.'" *Id.* at 315 (quoting *Curtis*, 666 A.2d at 268 (citations omitted)). Determining whether a classification is arbitrary depends on the type of classification at issue.

> The types of classifications are: (1) classifications which implicate a "suspect" class or a fundamental right; (2) classifications implicating an "important" though not fundamental right or a "sensitive" classification; and (3) classifications which involve none of these. Should the statutory classification in question fall into the first category, the statute is strictly construed in light of a "compelling" governmental purpose; if the classification falls into the second category, a heightened standard of scrutiny is applied to an "important" governmental purpose; and if the statutory scheme falls into the third category, the statute is upheld if there is any rational basis for the classification.

---

[8] Although Petitioner does not make it clear whether he is pursuing an equal protection claim under the United States Constitution or the Pennsylvania Constitution, we analyze the equal protection provisions of the Pennsylvania Constitution "under the same standards used by the United States Supreme Court when reviewing equal protection claims under the Fourteenth Amendment to the United States Constitution." *Love v. Borough of Stroudsburg*, 597 A.2d 1137, 1139 (Pa. 1991).

8

*Id.* (quoting *Curtis*, 666 A.2d at 268 (citation omitted)). Upon determining that "convicted sexual offenders as a category of felons[ ] is not ... a suspect class," we reviewed Megan's Law II's registration requirements under a rational basis standard and concluded that the classification scheme met equal protection standards because it sought to promote the legitimate state interest of promoting public safety and welfare. *Id.* at 316.

Based on our holding in *Miller*, Petitioner's equal protection claim under SORNA must likewise fail. Convicted sex offenders are not a suspect class. *Miller*, 886 A.2d at 316. Petitioner vaguely asserts there is a classification between convicted sex offenders with enforceable plea agreements and those without. He claims that this somehow implicates important rights or creates a "sensitive" classification warranting heightened scrutiny. However, SORNA does not create any such classification between offenders with plea agreements and those without. Rather, SORNA affords identical treatment to all Pennsylvania residents convicted of a registering offense, without regard to whether the conviction was the result of a negotiated plea agreement. Petitioner does not claim that he is being treated differently than persons convicted of the same crime as Petitioner. Even under the rational basis test, SORNA is rationally related to the legitimate state interest of promoting public safety and welfare. *See Miller*. For these reasons, we sustain PSP's preliminary objection to Petitioner's equal protection claim.

**D. Demurrer to Breach of Contract Claim**

Lastly, PSP demurs to Petitioner's breach of contract claim on the basis that it is not the proper party to the plea agreement. Petitioner alleges that the PSP's retroactive application of SORNA, which requires lifetime registration, is a

9

breach of his plea agreement, which required a 10-year registration. Petitioner asserts he is entitled to strict enforcement of his plea agreement as a matter of contract law. He asks this Court to enforce the plea agreement and order PSP to reduce his registration period to 10 years.

"[T]he convicted criminal is entitled to the benefit of his bargain through specific performance of the terms of the plea agreement." *Commonwealth v. Martinez*, 147 A.3d 517, 533 (Pa. 2016). "Thus, a court must determine whether an alleged term is part of the parties' plea agreement. If the answer to that inquiry is affirmative, then the convicted criminal is entitled to specific performance of the term." *Id*.

When a dispute over any particular term of a plea agreement arises, courts will examine "what the parties to this plea agreement reasonably understood to be the terms of the agreement." *Commonwealth v. Hainesworth*, 82 A.3d 444, 447 (Pa. Super. 2013) (quoting *Commonwealth v. Fruehan*, 557 A.2d 1093, 1095 (Pa. Super. 1989) (internal citations omitted)). A determination will be made "based on the totality of the surrounding circumstances," and "[a]ny ambiguities in the terms of the plea agreement will be construed against the [Commonwealth]." *Id*. (quoting *Commonwealth v. Kroh*, 654 A.2d 1168, 1172 (Pa. Super. 1995) (internal citations omitted)).

In *Dougherty v. Pennsylvania State Police*, 138 A.3d 152 (Pa. Cmwlth. 2016), this Court addressed the issue raised here. We explained that PSP's role in SORNA is ministerial. *Dougherty*, 138 A.3d at 159. With regard to the breach of contract claim against PSP, we held:

> The PSP is not a party to the plea agreement and disputes over the alleged breach of a plea agreement, and the impact of the plea agreement on a sexually violent

offender's duty to register with the PSP, are properly resolved through the criminal justice system in the appropriate sentencing court. . . . Such disputes should name the Commonwealth as the defendant as it is the Commonwealth, acting through the appropriate prosecutor, not the PSP, who is a party to the plea agreement.

*Id.* at 160.

Upon receipt of information concerning an offender convicted of a sexually violent offense prior to the enactment of SORNA, the PSP may take one of the following three steps:

If the sentencing order provided to the appropriate correctional institution, office or board of probation and parole, or PSP by the sentencing court includes a specific term of registration, the PSP is bound to apply the registration term included in the sentence and nothing more. If, however, the sentencing order is unclear or ambiguous, the PSP may seek guidance from the sentencing court and/or other appropriate entities before applying the registration period upon a sexual offender. *See* Section 9799.16(d) of SORNA, 42 Pa. C.S. §9799.16(d) (stating that "[t]here shall be cooperation between the [PSP], State and county correctional institutions, the Pennsylvania Board of Probation and Parole, the county office of probation and parole, any court with jurisdiction over a sexual offender ... to ensure" that information is collected and placed on the registry.). Finally, if[] the sentencing order is silent on the term of registration imposed upon the offender, the PSP must apply the appropriate registration period based on the offense of conviction as required by Section 9799.15 of SORNA, 42 Pa. C.S. §9799.15.

*Id*. at 159-160 (internal citation omitted). However, PSP does not have a duty, in any of these circumstances, to inquire into the content or intent of any underlying plea agreement. *Id.*

11

Here, Petitioner alleged that the 10-year registration period was part of the plea negotiations and agreement. Petition, ¶¶10, 11, 16, 18, 20. Petitioner attached to his Petition the sentencing court's Notification of Duty to Register (Notification), dated May 9, 2005. Petition, Exhibit A. According to the Notification, the sentencing court acknowledged Petitioner's guilty plea to three third-degree felonies, found him not to be a sexually violent predator, and directed, among other things:

> After you are released from prison, you must register a current address with the [PSP]. You are required to register a current address for a period of ten years.

*Id*.

However, the Notification merely demonstrates that the sentencing court informed Petitioner of his duty to register. The Notification is not the plea agreement. *See* Pa. R. Crim. P. 590(B).[9] The Notification does not reflect the

---

[9] Rule 590(B) of the Rules of Criminal Procedure provides:

(B) Plea Agreements

(1) When counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement, unless the judge orders, for good cause shown and with the consent of the defendant, counsel for the defendant, and the attorney for the Commonwealth, that specific conditions in the agreement be placed on the record in camera and the record sealed.

(2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of nolo contendere is based.

**(Footnote continued on next page…)**

12

terms of the plea agreement, i.e., that the ten-year period of registration was part of the bargained-for exchange in sentencing. On its face, the Notification merely shows that the sentencing court complied with the requirements of former Section 9795.3 of Megan's Law II; it does not reflect a "specific term of registration" as part of the plea arrangement required to bind PSP. *See Dougherty*, 138 A.3d at 159-60.

Because Petitioner's breach of contract claim is premised on the terms of his plea agreement, any dispute regarding those terms must involve the Commonwealth, not the PSP. As we explained in *Dougherty*, PSP is not a party to the plea agreement. Therefore, a breach of contract claim against PSP is inappropriate. *See Malone v. Pennsylvania State Police*, (Pa. Cmwlth., No. 577 M.D. 2015, filed April 28, 2017) (dismissing the petitioner's breach of contract claim against PSP in a similar case).[10] Thus, we sustain PSP's preliminary objection.

### III. Conclusion

In conclusion, we overrule the PSP's preliminary objections that the Petition is time barred and mandamus will not lie against PSP. We also overrule the PSP's demurrer to Petitioner's due process claim in light of *Muniz*. However,

---

**(continued…)**

Pa. R. Crim. P. 590(B).

[10] Section 414 of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code §69.414.

we sustain PSP's demurrers to Petitioner's equal protection and breach of contract claims and dismiss these claims with prejudice.

_____

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas E. Huyett,                                    :
                                                     :
                          Petitioner                 :
                                                     :
                    v.                               :  No. 516 M.D. 2015
                                                     :
Pennsylvania State Police,                           :
Commonwealth of Pennsylvania,                        :
                                                     :
                          Respondent                 :


O R D E R


AND NOW, this 17th day of August, 2017, the Pennsylvania State Police's (PSP) preliminary objections to Thomas E. Huyett's Petition for Review in the Nature of a Complaint in Mandamus (Petition) are disposed of as follows:

1. PSP's preliminary objections in the nature of demurrer on the basis that the Petition is time barred and mandamus relief is not available are OVERRULED.

2. PSP's preliminary objection in the nature of demurrer to Petitioner's due process claims is OVERRULED.

3. PSP's preliminary objection in the nature of demurrer to Petitioner's equal protection claim is SUSTAINED. Petitioner's equal protection claim is DISMISSED with prejudice.

4. PSP's preliminary objection in the nature of demurrer to Petitioner's breach of contract claim is SUSTAINED. Petitioner's breach of contract claim is DISMISSED with prejudice.

PSP is hereby directed to file an answer to the Petition within thirty (30) days of the date of this order.

_____
MICHAEL H. WOJCIK, Judge