**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

LEAGUE OF WOMEN VOTERS OF : No. 159 MM 2017
PENNSYLVANIA, CARMEN FEBO SAN :
MIGUEL, JAMES SOLOMON, JOHN :
GREINER, JOHN CAPOWSKI, :
GRETCHEN BRANDT, THOMAS :
RENTSCHLER, MARY ELIZABETH :
LAWN, LISA ISAACS, DON LANCASTER, :
JORDI COMAS, ROBERT SMITH, :
WILLIAM MARX, RICHARD MANTELL, :
PRISCILLA MCNULTY, THOMAS :
ULRICH, ROBERT MCKINSTRY, MARK :
LICHTY, LORRAINE PETROSKY, :
:
          Petitioners :
:
:
:
       v. :
:
:
THE COMMONWEALTH OF :
PENNSYLVANIA; THE PENNSYLVANIA :
GENERAL ASSEMBLY; THOMAS W. :
WOLF, IN HIS CAPACITY AS :
GOVERNOR OF PENNSYLVANIA; :
MICHAEL J. STACK III, IN HIS CAPACITY :
AS LIEUTENANT GOVERNOR OF :
PENNSYLVANIA AND PRESIDENT OF :
THE PENNSYLVANIA SENATE; :
MICHAEL C. TURZAI, IN HIS CAPACITY :
AS SPEAKER OF THE PENNSYLVANIA :
HOUSE OF REPRESENTATIVES; :
JOSEPH B. SCARNATI III, IN HIS :
CAPACITY AS PENNSYLVANIA SENATE :
PRESIDENT PRO TEMPORE; ROBERT :
TORRES, IN HIS CAPACITY AS ACTING :
SECRETARY OF THE :
COMMONWEALTH OF PENNSYLVANIA; :
JONATHAN M. MARKS, IN HIS :
CAPACITY AS COMMISSIONER OF THE :
BUREAU OF COMMISSIONS, :
ELECTIONS, AND LEGISLATION OF :

THE PENNSYLVANIA DEPARTMENT OF :
STATE, :
: 
Respondents :

**DISSENTING STATEMENT**

**JUSTICE MUNDY**                                    **FILED:  January 22, 2018**

I join Chief Justice Saylor's dissenting statement in full.  I write separately to express my concern with the vagueness of the Court's order.  Despite its pronouncement that the 2011 map clearly, plainly, and palpably violates the Pennsylvania Constitution, the Court fails to identify the specific provision it so violates.  This vagueness by the Court is problematic because the parties raise several state constitutional claims, including the Speech Clause, the Free Association Clause, the Elections Clause, and the Equal Protection Clause, each of which has a different mode of analysis.  *See generally* PA. CONST. art. I, §§ 1, 5, 7, 20, 26; *Pap's AM v. City of Erie*, 812 A.2d 591, 612 (Pa. 2002) (Speech Clause); *Love v. Borough of Stroudsburg*, 597 A.2d 1137, 1139 (Pa. 1991) (Equal Protection Clause); *Mixon v. Commonwealth*, 759 A.2d 442, 449-50 (Pa. Cmwlth. 2000), *aff'd*, 783 A.2d 763 (Pa. 2002) (Elections Clause).  The Court's order fails to give essential guidance to the General Assembly and the Governor, or this Court on how to create a constitutional, non-gerrymandered map.

I am also troubled by the order striking down the 2011 Congressional map on the eve of our midterm elections, as well as the remedy proposed by the Court.  In my view, the implication that this Court may undertake the task of drawing a congressional map on its own raises a serious federal constitutional concern.  *See* U.S. CONST. art. I, § 4, cl. 1 (stating, "[t]he Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State *by the Legislature thereof*[]")

(emphasis added); *Ariz. State Legislature v. Ariz. Indep. Redist. Comm'n*, 135 S. Ct. 2652, 2667-68 (2015) (concluding the Federal Elections Clause permits redistricting by the state legislature, Congress, or an independent redistricting commission). For these reasons, I conclude the Court's approach is imprudent and I cannot participate in it. I respectfully dissent.